UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOSS2, INC.,

    Plaintiff,

v.                                                 CASE NO. 8:19-cv-462-T-23JSS

UNITED STATES ARMY CORPS
OF ENGINEERS,

    Defendant.
_____/

## ORDER

Save Our Siesta Sands, Inc. (SOSS2) claims that in violation of federal environmental law the United States Army Corps of Engineers approved a beach re-nourishment project that requires dredging sand from Big Sarasota Pass, a waterway between Lido Key and Siesta Key. Three business days before the Army Corps plans to start the project, SOSS2 moved for a temporary restraining order.

In January 2019, SOSS2 sued the Army Corps but, despite knowing that the Army Corps had solicited bids for the project, failed to request preliminary injunctive relief. In October 2019, the Army Corps reported in a summary judgment memorandum the Army Corps' expectation "to award a contract [for the project] by mid-February [2020]," but SOSS2 failed to request preliminary injunctive relief. (Doc. 37 at 15) In March 2020, the Army Corps awarded the contract to Cottrell

Contracting Corporation, which contract both "was available on beta.Sam.gov that day and . . . was widely reported in the media," but SOSS2 failed to request preliminary injunctive relief. (Doc. 41-1 at ¶ 4) Instead, on June 30, 2020, three business days (the three-day, Fourth of July weekend, intervenes) before the Army Corps plans to begin the project, SOSS2 claims an "emergency" and requests an order immediately enjoining the project without affording the usual time within which to respond and to conduct a hearing.

In violation of Local Rule 3.01(a)'s requirement that the motion and memorandum appear in the same document, the request is split between a two-page motion and an eleven-page memorandum of law in support of the motion. In the motion, entitled "Motion For Temporary Restraining Order," SOSS2 requests entry of "a preliminary injunction to halt the dredging of Big Sarasota Pass until this court is able to resolve the merits of Plaintiff's claims." (Doc. 40 at 2) And in the memorandum, SOSS2 requests that "the status quo be maintained until the parties are afforded an opportunity to respond . . . ." (Doc. 40-1 at 11)

The inconsistent requests in the motion and the memorandum confuse the distinction between a temporary restraining order and a preliminary injunction. A temporary restraining order issues without an opportunity to respond and serves to preserve the status quo for fourteen days (or for another "like period" on a showing of good cause) pending an opportunity both for the defendant to respond and for a hearing to occur on the motion for a preliminary injunction, which motion is

typically filed concurrently with, or immediately after, the motion for a temporary restraining order. And a preliminary injunction issues only after notice, an opportunity to respond, and an opportunity for a hearing and serves to maintain the status quo pending resolution of the action.

To the extent the motion requests a temporary restraining order, that is, an order enjoining the Army Corps until a hearing on a motion for a preliminary injunction, the motion warrants denial. Under Rule 65(b), Federal Rules of Civil Procedure, and Local Rule 4.05(b)(2), a temporary restraining order issues only if the moving party "is threatened with irreparable injury . . . so imminent that notice and a hearing on the application is impractical if not impossible." A movant, however, cannot contrive the impracticability of notice by delaying unreasonably the request for a temporary restraining order. *Kotori Designs, LLC v. Living Well Spending Less, Inc.*, 2016 WL 4375274, at *4 (M.D. Fla. 2016) (Steele, J.) ("[A]ny 'emergency' is of Plaintiff's own making and warrants denial of the request for a temporary restraining order.") SOSS2's silence about the day on which SOSS2 learned about the start of the project, the Army Corps' publicizing the award of the contract to Cottrell, and SOSS2's waiting until three business days before the start of the project to request a temporary restraining order collectively compel the conclusion that the reported

"emergency" is primarily SOSS2's own creation.[*] Further, under Local Rule 4.05(b), a motion for a temporary restraining order must (1) appear by separate motion, (2) contain specific allegations of fact supported by a verified paper, and (3) must accompany a proposed order describing precisely the conduct enjoined. Also, under Rule 65(c), the movant must post a bond adequate to compensate a party wrongfully enjoined. SOSS2's amalgamated request for both a temporary restraining order and a preliminary injunction enjoys no support from a verified paper, fails to accompany a proposed order, and proposes no bond.

And, to the extent the motion requests a preliminary injunction, that is, an order enjoining the Army Corps pending resolution of the action, the motion warrants denial. A preliminary injunction issues only if (1) the movant enjoys a substantial likelihood of success on the merits and (2) absent an injunction the harm to the movant outweighs the harm to the defendant.

First, a review of the motions for summary judgment suggests that a measure of the relevant merits plus the deference afforded to an agency in this circumstance renders SOSS2 unlikely to succeed on the merits. Second, the Army Corps demonstrates that delaying the project will cause the Army Corps to incur "at least

---

[*] Although the Army Corps responded within two days to the motion, SOSS's inexplicable delay deprived the Army Corps of adequate time within which to prepare a detailed, careful, and targeted response — that is, a response commensurate to the magnitude of the injunctive relief demanded. Further, the promptness of the Army Corps' response demonstrates the practicability of notice, that is, the practicability of affording the Army Corps a reasonable opportunity to respond to a request for a preliminary injunction.

$48,000 in costs" per day and fairly claims surprise at the sudden request for a temporary restraining order. (Doc. 41-1 at ¶ 6)  The relief requested in SOSS2's motion subjects the Army Corps to extensive, ongoing, and unnecessary expense, and SOSS2 fails (1) to describe the incremental harm that SOSS2 might suffer if the project continues during the pendency of this action or (2) to explain how this incremental harm exceeds the loss of $48,000 per day to which an injunction would subject the Army Corps.

SOSS2 began this action on January 2019, and the summary judgment briefing (comprising 125 pages of legal argument about a 30,000-page administrative record) concluded in December 2019.  SOSS2 remained free to request a preliminary injunction at any time.  Instead, SOSS2 waited until three business days (and the intervening Fourth of July weekend) before filing an amalgamated request for a temporary restraining order and a preliminary injunction.  The absence of an explanation for this tardiness suggests either an inexplicable obliviousness or a calculated attempt to secure by force a delay of the project.

The motion (Doc. 40) for a temporary restraining order is **DENIED**.  To the extent, if at all, the motion, although boldly titled a "Motion for Temporary

Restraining Order," requests a preliminary injunction to halt the July 6, 2020 implementation of the project, the motion for a preliminary injunction is **DENIED**.

ORDERED in Tampa, Florida, on July 6, 2020.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE